4

Douglas B. Jacobs (SBN 84153)
Jacobs, Anderson, Potter & Chaplin
20 Independence Circle
Chico, California 95973
(530) 342-6144
(530) 342-6310 fax

Proposed Attorney
For Debtor, Shasta
Enterprises

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| In re:<br><br>**SHASTA ENTERPRISES, A CALIFORNIA GENERAL PARTNERSHIP,**<br><br>**Debtor.** | **Case No.: 14-30833**<br><br>**Chapter 11**<br><br>**DCN: DBJ- 1**<br><br>**EX PARTE APPLICATION OF DEBTOR AND PROPOSED DEBTOR IN POSSESSION TO EMPLOY DOUGLAS B. JACOBS OF JACOBS, ANDERSON, POTTER & CHAPLIN, LLP AS BANKRUPTCY COUNSEL**<br><br>**(NO HEARING REQUESTED)**<br><br>**JUDGE: Michael S. McManus** |

The Debtor files this Ex Parte Application of Debtor and Proposed Debtor in Possession to Employ DOUGLAS B. JACOBS as Bankruptcy Counsel.

SHASTA ENTERPRISES, the Debtor in Possession herein, declares as follows:

1. The Debtor commenced this Chapter 11 bankruptcy Case by filing a Voluntary Petition under Chapter 11 of 11 U.S.C. § 101 et seq. on October 31, 2014;

2. This Application seeks to employ Douglas B. Jacobs as of the filing of the Petition.

3. The Debtor is the Debtor in Possession and manages its financial affairs as pursuant to Sections 1107 and 1108 of the Bankruptcy Code;

4. The Debtor would like to reorganize its finances and obtain a discharge;

5. The Debtor is not sufficiently familiar with the rights and duties of a Debtor-in-Possession to be able to plan and conduct proceedings without the aid of competent counsel. Specifically, the Debtor requires the following services:

a. Assistance with the requirements of the Bankruptcy Court, Bankruptcy Code, Bankruptcy Rules and the Office of the United States Trustee, as they pertain to the Debtor;

b. Advice with regard to certain rights and remedies of the bankruptcy estate and the rights, claims and interests of creditors;

c. Representation in any proceeding or hearing in the Bankruptcy Court unless the Debtor is represented in such proceeding or hearing by other special counsel; and

d. Assistance in the preparation of all required reports, applications, statements, plan, confirmation of plan pleadings and orders and any matters for this bankruptcy case.

6. The Debtor believes that Jacobs is qualified in the field of bankruptcy, reorganization, and Debtors' and Creditor's rights;

7. Jacobs does not have a pre-petition claim against the Debtor or the bankruptcy estate;

8. Jacobs is not a creditor, an equity security holder or an insider of the Debtor or the bankruptcy estate;

9. Jacobs is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the Debtor;

10. As set forth in the Declaration of Douglas B. Jacobs filed herewith, Jacobs does not hold or represent any interest materially adverse to the Debtor or its estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other

reason, and Jacobs is a "disinterested person" as defined in the Bankruptcy Code § 101(14);

11. The Debtor understands that Jacobs has not promised any outcome in this Chapter 11 Case other than to represent the Debtor and the bankruptcy estate to the best of his abilities, while keeping his ethical responsibilities to the Debtor and this Court;

12. The Debtor further understands that Jacobs will seek court authorization for his employment and payment of all his fees pursuant to Bankruptcy Code §§ 327, 328, 330 and 331. The Debtor has agreed that Jacobs will be paid his normal actual time charges and disbursements, with all fees and costs, subject to approval from the Court. Jacobs' current hourly rate for these services is $325.00; however, the Debtor and Jacobs understand that it is up to the Court to establish the compensation including the hourly rate pursuant to a motion for compensation. A true and correct copy of the General Retainer agreement is attached to the Declaration of Jacobs In Support of the Application of the Debtor and Proposed Debtor In Possession to Employ Jacobs as Bankruptcy Counsel as ***Exhibit A***, and incorporated by reference;

13. Before the filing of this bankruptcy, Attorney received $5,557.50 from Applicant for pre-petition professional fees. This left a retainer for post-petition for $24,442.50.

14. Debtor is fully aware that Jacobs will work with David Brady of Cowan and Brady to pursue this Chapter 11 matter, and that some duties may be performed by Jacobs or by Brady; but that in no event will debtor or the estate be charged for time spent by either Jacobs or Brady that is duplicative of each other's efforts;

///

///

///

///

///

Case 14-30833 Filed 11/12/14 Doc 19

WHEREFORE, the Debtor requests the entry of an Order authorizing the employment of Douglas B. Jacobs, to represent them in this Chapter 11.

Dated: November 7, 2014

Shasta Enterprises

By: ______________________

EX PARTE MOTION TO APPOINT ATTORNEY
- 4 -