DONALD W. FITZGERALD, State Bar No. 095348
JASON E. RIOS, State Bar No. 190086
HOLLY A. ESTIOKO, State Bar No. 242392
FELDERSTEIN FITZGERALD WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA  95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
dfitzgerald@ffwplaw.com
jrios@ffwplaw.com
hestioko@ffwplaw.com

Attorneys for the Chapter 11 Trustee,
Hank M. Spacone

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>SHASTA ENTERPRISES,<br><br>Debtor. | CASE NO.: 14-30833-A-11<br>Chapter 11<br>DCN:  FWP-5<br>Date:     March 16, 2015<br>Time:     10:00 a.m.<br>Judge:    Hon. Michael S. McManus<br>Courtroom: 28, Department A |

**TRUSTEE'S MOTION FOR AUTHORITY TO SELL DEBTOR'S WINE INVENTORY AND PAY WINE STORAGE FEES PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE**

Hank M. Spacone, the duly-appointed Chapter 11 trustee in the above-referenced bankruptcy case ("Trustee"), files this Motion for Authority to Sell Debtor's Wine Inventory And Pay Wine Storage Fees Pursuant to Section 363 of the Bankruptcy Code ("Motion"), in which the Trustee seeks an order: (1) authorizing the Trustee to sell the Wine Inventory of the Debtor in the ordinary course of business without further order of the Court; and (2) authorizing the Trustee to pay current and future wine storage fees from the proceeds of such sale.  The Trustee believes that the sale of the Wine Inventory is in the ordinary course of the Debtor's business; nevertheless, because the wine business is not the Debtor's primary business, and because the proposed sale structure is essentially a liquidation sale, the Trustee files this motion to obtain an

order from the Court approving such sale. This Motion is based on the memorandum of points and authorities below, the Declaration of Hank M. Spacone ("Spacone Declaration") filed in support of this Motion, the pleadings and papers on file in this case, and such other evidence and argument as may be submitted before or during the hearing on this Motion.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter concerns the administration of this bankruptcy estate (the "Estate"), and accordingly, this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory basis for relief is Bankruptcy Code section 363. Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 6004 is applicable to this Motion.

## RELIEF REQUESTED

The Trustee requests that the Court enter an order: (1) authorizing the Trustee to sell the Wine Inventory of the Debtor in the ordinary course of business without further order of the Court; (2) authorizing the Trustee to pay current wine storage fees and any future wine storage fees that may accrue while the inventory is being sold; (3) authorizing the Trustee to treat the net proceeds of such sales as unencumbered property of the estate; and (4) ordering such other and further relief as the Court deems proper under the circumstances.

## BACKGROUND AND FACTS IN SUPPORT OF THE MOTION

**A.    Background**

1.    On October 31, 2014 ("Petition Date"), Shasta Enterprises (the "Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code.

2.    On December 29, 2014, the Court approved the appointment of Hank M. Spacone as the Chapter 11 Trustee for the Debtor's estate. Docket No. 148.

3.    Prior to the Petition Date, the Debtor operated businesses under various DBAs- namely, Vidal Vineyards, Silverado Knolls, and Villa Vidal Vineyards. See Petition.

4.    Although the Debtor's primary business operations were focused on the ownership and leasing of real property assets, the Debtor—through its DBA Vidal Vineyards—also was involved in the growing of grapes, and in the bottling and sale of wine produced from

such grapes. Spacone Declaration at ¶ 5.

5.  The Trustee is informed and believes that sometime in the 1990s, the Debtor acquired certain residential real property that included approximately five acres of planted vineyards. Spacone Declaration at ¶ 6.

6.  The Debtor grew the grapes on that property, and then contracted with third-party processors to bottle two varieties of wine- cabernet and merlot. The Debtor then sold these wines on a retail and wholesale basis. Spacone Declaration at ¶ 7.

7.  The Debtor, through Vidal Vineyards, currently holds two licenses issued by the Department of Alcoholic Beverage Control. Spacone Declaration at ¶ 8.

8.  The Type 17 license is a non-retail license. It authorizes the wholesale of beer and wine. Spacone Declaration at ¶ 9 and Exhibit A thereto.

9.  The Type 20 license authorizes the sale of beer and wine for consumption off-premises. Spacone Declaration at ¶ 10 and Exhibit B thereto.

10. In addition, the Debtor, through Vidal Vineyards, holds a seller's permit issued by the State Board of Equalization.

11. It appears that the licenses and permit are current and in good standing. Spacone Declaration at ¶ 12.

12. As a result of the operations discussed above, the Debtor currently owns between 900-1200 cases of wine that potentially could be sold for the benefit of creditors ("Wine Inventory"). The Trustee believes that the inventory consists of approximately 681 cases that are stored in Napa, California, and approximately 520 cases that are stored in Redding, California. These numbers are estimates, however, as no inventory was taken pre-petition, and the Trustee has not yet conducted his own inventory. Spacone Declaration at ¶ 13.

13. Pursuant to the Debtor's Schedule B, the value of the Wine Inventory is $87,660. This estimated value was based upon 780 cases of merlot at $7.00/bottle, and 205 cases of cabernet at $9.00/bottle. See Attachment to Schedule B (Inventory Valuation Summary).

14. The Trustee believes, however, that the actual value of the Wine Inventory is considerably less than scheduled, because it appears that 240 of the merlot cases are not

marketable due to storage issues. In addition, some of the bottles were determined to be half-sizes, which fact was not considered in the Debtor's estimate at the time of its bankruptcy filing. Spacone Declaration at ¶ 15.

15. Based on the above, the Trustee believes that the actual value of the Wine Inventory is closer to $35,000 to $45,000. Spacone Declaration at ¶ 16.

16. The Trustee intends to take a physical inventory of the wine located at both the Napa and the Redding locations, to better evaluate the potential value for the Estate. Spacone Declaration at ¶ 17.

**B.    Proposed Sale**

17. The Trustee seeks authority to sell the Wine Inventory in the ordinary course of business, and in his business judgment, without further order of this Court. Spacone Declaration at ¶ 18.

18. The Trustee intends to consult with individuals who are knowledgeable in the wine industry for assistance in this process. Spacone Declaration at ¶ 19.

19. The Trustee already has been in contact with Paul Shakeshaft of the Appellation Trading Company. Mr. Shakeshaft has sold a great deal of wine for the Debtor in the past, and thus is familiar with the Debtor's wine and prior sales. Spacone Declaration at ¶ 20.

20. In addition, the Trustee proposes that the net proceeds of the Wine Inventory be treated as general, unencumbered funds of the estate. Other than a potential warehouseman's lien for storage charges, the Trustee is aware of no valid liens against the Wine Inventory. The Trustee has conducted a UCC search, and it appears that there are no properly filed and perfected liens on the Wine Inventory. Spacone Declaration at ¶ 21 and Exhibit C thereto (UCC Search).

21. It is possible that a wine warehouse, discussed below, may assert a warehouseman's lien pursuant to certain wine storage fees now due and owing (and any future storage fees). The Trustee intends to pay these storage fees in full from the proceeds of the sale. Spacone Declaration at ¶ 22.

///

**C.      Storage Fees**

22.     A portion of the Wine Inventory is being stored at the Jackson Street Wine Warehouse in Napa, California ("Jackson Street"). Spacone Declaration at ¶ 23.

23.     The Trustee is informed and believes that the storage fees currently owed to Jackson Street through January 2015 total approximately $1,693.72. Spacone Declaration at ¶ 24.

24.     In addition, the Trustee is informed and believes that the monthly storage charge for storing the wine at Jackson Street going forward will be approximately $163.54 per month. Spacone Declaration at ¶ 25.

25.     The Trustee has attempted to contact Jackson Street for the specific amounts due, and will provide an update to the Court if the amounts are materially different from those listed above. Spacone Declaration at ¶ 26.

26.     The Trustee seeks an order allowing the Trustee to pay the storage fees currently due, and any future storage fees that may accrue while the Wine Inventory is being sold, from the proceeds of the sale. Spacone Declaration at ¶ 27.

## POINTS AND AUTHORITIES

**A. The Sale of the Wine Inventory Is Authorized by Bankruptcy Code Sections 363(b)(1) and 363(c)(1).**

Section 363(c)(1) of the Bankruptcy Code provides, in pertinent part:

> (c)(1) If the business of the debtor is authorized to be operated…and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

In addition, Section 363(b)(1) of the Bankruptcy Code provides, in pertinent part:

> (b)(1) The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate…

Here, the Debtor was engaged in the growing of grapes and selling of wine prepetition, and therefore, arguably, the sale of the Wine Inventory by the Trustee is in the ordinary course of business and the Trustee requires no court authorization. Nevertheless, because the wine business

is not the Debtor's primary business and the proposed sale is essentially a liquidation sale, the Trustee files this Motion to make his intentions known to the Court and parties in interest and avoid any uncertainty regarding the validity and enforceability of disposition of the Wine Inventory in accordance with his business judgment.

In general, approval of a sale is appropriate if the court finds that the transaction represents a reasonable business judgment by the trustee and is in the best interests of the estate. *In re Wilde Horse Enters., Inc.,* 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991).

The Trustee believes that it is in the best interests of the creditors to authorize the sale of the Wine Inventory, as such sale will bring funds to the estate for the benefit of creditors (in the estimated amount of $35,00-$45,000), and at the same time will minimize certain costs (i.e., storage costs) to the Estate. In addition, the sale of the Wine Inventory is consistent with the Trustee's proposed overall course in this case, namely, the liquidation of the Debtor's property and use of the proceeds to satisfy creditors' claims. See Trustee's Status Conference Report (Dkt. 221). Finally, the timely sale of the Wine Inventory is necessary because such wine may have a limited shelf life and therefore a limited period of marketability. Therefore, the Trustee requests the Court to grant him authority to sell the Wine Inventory, in his business judgment, and without further order of the Court.

**B. The Net Proceeds of the Wine Inventory are Unencumbered.**

As discussed above, there do not appear to be any properly filed and perfected personal property liens on the Wine Inventory. In addition, the Trustee proposes to pay all amounts due to Jackson Street in full, so to the extent that Jackson Street may assert a warehouseman's lien, such lien will be satisfied, fulfilling the requirements under section 363(f)(2) and/or (f)(3).

To the extent there are any liens, interests, claims or encumbrances that are not properly perfected ("Unrecorded Liens"), the filing of the Chapter 11 case cut off the perfection rights of any such unknown claimants and gave the estate the status of a bona-fide purchaser without notice of the Unrecorded Liens. 11 U.S.C. § 544. With respect to any statutory liens that may arise under state law based on the Debtor's insolvency proceedings or otherwise, such liens are avoidable under section 545. The Trustee is not aware of anyone asserting any Unrecorded Liens.

**C. The Payment of Storage Fees Is Appropriate and is Authorized by Bankruptcy Code Section 363.**

As mentioned above, the Debtor was engaged in the growing of grapes and selling of wine prepetition. This business necessarily required and included the storage of such wine prior to its sale by the Debtor. Accordingly, the Trustee seeks authority to pay any current and future storage fees associated with the storage of the Wine Inventory in the ordinary course of the Debtor's business, until such time as the Wine Inventory is completely sold. The storage fees are reasonable and necessary, and the amount of the storage fees is relatively small compared to the amount the Trustee expects to receive once the Wine Inventory is sold. Thus, the Court should approve the Trustee's request to pay these fees.

**CONCLUSION**

Based upon all of the above, the Trustee requests that the Court enter an order:

1. Authorizing the Trustee to sell the Wine Inventory of the Debtor in the ordinary course of business without further order of the Court;

2. Authorizing the Trustee to pay current wine storage fees and any future wine storage fees that may accrue while the inventory is being sold;

3. Authorizing the Trustee to treat the net proceeds of such sales as unencumbered property of the estate; and

4. Such other and further relief as the Court deems proper under the circumstances.

Dated: March 2, 2015

                                        FELDERSTEIN FITZGERALD
                                        WILLOUGHBY & PASCUZZI, LLP

By: */s/ Donald W. Fitzgerald*
     DONALD W. FITZGERALD
     Attorneys for Hank M. Spacone,
     Chapter 11 Trustee